COMMONWEALTH *vs.* THEODORE HARRIS.

Suffolk.    May 12, 1975. — June 13, 1975.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Threshold Police Inquiry.   Search and Seizure.   Constitutional Law,*
Search and seizure.   *Evidence,* Presumptions and burden of proof.

At the hearing of a motion to suppress heroin found during a warrant-
less search of an automobile, evidence that one of two police officers
approaching a car with the intention of giving the driver a citation
for a traffic violation observed the defendant in the back seat "move
his shoulders and jiggle around as though he were kicking some-
thing under the front seat" and that, after opening the rear door,
the officer extracted a bag containing heroin from under the front
seat was insufficient to satisfy the Commonwealth's burden of estab-
lishing the reasonableness of the search. [344-346]

INDICTMENT found and returned in the Superior Court
March 14, 1973.

A pre-trial motion to suppress evidence was heard by
*Bennett,* J., and the case was heard by him.

*Thomas F. Sullivan, Jr. (Charles L. Johnson* with him)
for the defendant.

*Kathleen M. Curry,* Special Assistant District Attorney,
for the Commonwealth.

HALE, C.J.    The defendant was tried before a judge at
a jury waived trial on a charge of possession of heroin with
intent to distribute. G. L. c. 94C, §§ 31-32, as inserted by
St. 1971, c. 1071. He was found guilty of simple possession
of heroin and was sentenced. The case is before us on the
defendant's bill of exceptions.

The defendant filed a motion to suppress the heroin
seized by the police on the grounds that: (1) the police
officers had no probable cause to conduct a search of the
motor vehicle; (2) the search was not conducted incident

to a lawful arrest; and (3) there was no consent given by the defendant to search the vehicle. We summarize from the bill of exceptions the evidence taken at the hearing on the motion.[1]

On February 11, 1973, at approximately 3:55 A.M., Boston police officer Roy Sergei was on duty in an unmarked cruiser with a brother officer. Both officers were in uniform and were on a routine traffic patrol. While driving on Boylston Street in the direction of Park Square, the officers saw a car go through a red traffic light at the intersection of Arlington and Boylston Streets. The car proceeded into Park Square and stopped on Carver Street at the rear of the Trailways bus station. Three people alighted from the car and went into the bus station. The driver remained in the car, and another man, later identified as the defendant, remained in the back seat. The officers stopped the cruiser behind the car, intending to give the driver a citation for the observed traffic violation. Both officers alighted from the cruiser. Officer Sergei started towards the passenger's side of the car, and the other officer started towards the driver's side. As Officer Sergei approached, he observed the man in the back seat "move his shoulders and jiggle around as though he were kicking something under the front seat." The officer "thought that he [the defendant] might be getting rid of contraband or a weapon." Officer Sergei then opened the right rear door of the car, placed his left hand on the defendant's chest and, with his right hand, extracted a bag from under the front seat. Officer Sergei opened the bag and saw "decks" of a substance which he recognized as heroin. He placed the defendant under arrest for its possession.

The Commonwealth does not contend that the seizure of the paper bag and its contents resulted from a search made on the basis of probable cause, that the seizure was incident to a valid arrest, or that any search was consented to. It argues that the search was a limited one of the type

---

[1] The bill of exceptions contains the usual averment that it "contains all the facts and evidence material to the exceptions alleged."

approved in *Terry* v. *Ohio,* 392 U. S. 1 (1968). In view of the Supreme Judicial Court's extensive discussions of the *Terry* standards in *Commonwealth* v. *Matthews,* 355 Mass. 378 (1969), *Commonwealth* v. *Hawkes,* 362 Mass. 786 (1973), and most recently in *Commonwealth* v. *Silva,* 366 Mass. 402 (1974), no useful purpose would be served by our reiterating those standards here.

The facts of this case bear a marked resemblance to those which the Supreme Judicial Court faced in *Commonwealth* v. *Silva, supra.*[2] In each case the incident occurred late at night. In neither was there any unusual event observed by the police officers which would have given rise to a reasonable suspicion that the defendant, or another person in the car, was armed or dangerous or that a crime had been or was about to be committed. In the *Silva* case the police had some prior information concerning the defendant[3] and in the present case none at all. In each case the defendant's movement was seen as an effort to conceal an object rather than to take it into hand. There is, however, a difference between the two cases in the position of the defendant with respect to the location of the object seized. In *Silva* the defendant was about to be driven by police in a police cruiser to obtain gasoline for his car when the search was made, and there was no showing that the packet was within the reach of anyone seated in the automobile. In the present case the object was within the reach of the defendant. As was the case in *Silva,* we need not decide whether the facts then known to the officer were sufficient to warrant a reasonably prudent person in believing that his safety was endangered (see *Terry* v. *Ohio,* 392 U. S. 1, 27 [1968]).

---

[2] We recognize that the Supreme Judicial Court in the *Silva* case, in stating that the search "if permissible at all, clearly approached the outer limits of police privileges to search" (366 Mass. at 407), did not rest its decision on whether the initiation of the search was constitutionally permissible (366 Mass. at 404).

[3] "The police had knowledge that the defendant had been charged previously with operating a motor vehicle without authority . . . .. One of the policemen also believed that the defendant had at that time been in the company of another person who was illegally carrying a gun." 366 Mass. at 406.

We concentrate instead on the question whether the scope of the search was within constitutional limits. The Fourth Amendment forbids only unreasonable searches and seizures. *Elkins* v. *United States,* 364 U. S. 206, 222 (1960). To be reasonable, "[t]he scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." *Terry* v. *Ohio, supra,* at 19, quoting from *Warden* v. *Hayden,* 387 U. S. 294, 310 (1967) (Fortas, J., concurring). "[T]he facts available to the officer at the moment of the seizure or the search [must be such as to] 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." *Terry* v. *Ohio, supra,* at 21-22, citing *Carroll* v. *United States,* 267 U. S. 132, 162 (1925), and *Beck* v. *Ohio,* 379 U. S. 89, 96-97 (1964).

In *Silva* the court had before it the "little black packet" and was thus able to find that the packet "could not conceivably have contained a gun, nor could an officer reasonably have considered that it contained a dangerous weapon of any kind." 366 Mass. at 410. We have neither the bag before us nor a description of it and thus have no means of determining its size, weight or shape. The finding of the trial judge that "[t]here was nothing to indicate to Officer Sergei whether or not the package contained a weapon," gives us no assistance. It adds nothing to the facts already before us in the bill of exceptions. We thus have no means of determining the reasonableness of the officer's action in opening the bag. The burden was on the Commonwealth to establish the reasonableness of the scope of the search (see *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 57 [1974]). There being no probable cause, and the Commonwealth not having met its burden of showing the search to have been justified by *Terry* principles, the motion to suppress should have been allowed.

*Exceptions sustained.*
*Judgment for the defendant.*