COMMONWEALTH *vs.* VINCENT M. FERRARA. June 30, 1980. 1. There was no error in denying the defendant's motion to suppress the following evidence: a gun holster found on the defendant's person during a frisk pursuant to a stop of the defendant's car by police officers acting on an in-

formant's tip, and a .38 caliber revolver seized from the defendant's car. Based on evidence adduced at the suppression hearing, the judge found the following "specific and articulable facts" (*Terry* v. *Ohio,* 392 U.S. 1, 21 [1968]; *Commonwealth* v. *Silva,* 366 Mass. 402, 406 [1974]), stated in his findings and rulings on the motion to suppress. An informant known to the police told two police officers on duty in the North End area of Boston, "I just saw Vinnie the Nip [the defendant] and he has a gun on him." A few minutes later, the officers saw the defendant driving down North Washington Street heading toward the Charlestown Bridge. As they followed the defendant's car and sounded their siren, they observed the defendant drop his left shoulder as if putting something on the floor of the car. The defendant was stopped, was asked to produce his papers (which apparently were in order) and was ordered out of the car. The police patted the defendant down in a search for weapons and found an empty holster inside his belt. Simultaneously, other police officers arrived in response to a police radio transmission that the officers were in pursuit of a car with an armed occupant. One patrolman, arriving at the scene as the defendant was being ordered out of the car, saw part of a .38 caliber revolver in plain view on the floor of the driver's side of the defendant's car and seized the gun. Based on these findings, the judge was correct in concluding that the officers had a reasonable suspicion that the defendant was armed and dangerous and in the course of committing a crime and were justified in stopping the defendant's vehicle to conduct a threshold inquiry and a protective pat-down search for weapons. *Terry* v. *Ohio,* 392 U.S. at 21-22. *Adams* v. *Williams,* 407 U.S. 143, 145-146 (1972). *Commonwealth* v. *Riggins,* 366 Mass. 81, 86-87 (1974). *Commonwealth* v. *Almeida,* 373 Mass. 266, 269-272 (1977). Contrast *Commonwealth* v. *Silva,* 366 Mass. at 406-411. The patrolman could lawfully seize the weapon that he saw in plain view protruding from under the front seat. *Commonwealth* v. *Almeida,* 373 Mass. at 272. As to the reliability of the informant's information, the judge was warranted in inferring that the information was fresh and was based upon personal observation. Cf. *Commonwealth* v. *Anderson,* 366 Mass. 394, 399 (1974); *Commonwealth* v. *Flaherty,* 6 Mass. App. Ct. 876 (1978). The informant's credibility was established by reason of having previously provided the police with information leading to six arrests and at least three convictions. The informant's tip met the requirements of *Adams* v. *Williams,* 407 U.S. at 146-147 (cf. *Aguilar* v. *Texas,* 378 U.S. 108, 112-115 [1964]), and provided the necessary probable cause to justify the warrantless stop and frisk. Cf. *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 56 (1974).

2. The judge correctly ruled that the burden of going forward with the evidence on the defendant's motion to suppress was on the defendant as the moving party. The judge's ruling did not shift the burden of proof to the defendant, as he argues. The burden of justifying the reasonable-

ness of the warrantless search remained with the Commonwealth, as the judge made clear in his rulings on the defendant's motion. See *Commonwealth* v. *Antobenedetto,* 366 Mass. at 56-57.

*Judgment affirmed.*

*Mark G. Miliotis* for the defendant.
*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.