COMMONWEALTH *vs.* MICHAEL A. MOSCHELLA. May 5, 1981. This is an interlocutory appeal from the denial of the defendant's pretrial motion to suppress certain illegal drugs and an unlicensed firearm.

It is unnecessary for us to decide whether the information received from the so called reliable police informant could constitute probable cause to arrest (see *Beck* v. *Ohio*, 379 U.S. 89, 91 [1964]), as we conclude

that the defendant was properly arrested and the evidence sought to be suppressed was properly seized incident to that arrest. See *Commonwealth* v. *Battle*, 365 Mass. 472, 476 (1974). See also *Chimel* v. *California*, 395 U.S. 752, 762-763 (1969); *Commonwealth* v. *Ferrara*, 10 Mass. App. Ct. 818 (1980).

Prior to the arrest the police saw the defendant place a weapon under the front seat of his automobile. This observation thereby entitled the police to seize the defendant on the spot. *Commonwealth* v. *Ballou*, 350 Mass. 751, 756 (1966), cert. denied, 385 U.S. 1031 (1967). See *United States* v. *Watson*, 423 U.S. 411, 418 (1976). Thus, the only aspect of this case which deserves more than summary treatment is the defendant's contention that he was illegally arrested at the time the officers immobilized his vehicle by blocking it with a police cruiser. See *Commonwealth* v. *Wallace*, 346 Mass. 9, 16 (1963).

We conclude that the circumstances reasonably warranted "the interference with the defendant's freedom which resulted from the . . . [blocking] of . . . [his] motor vehicle." *Commonwealth* v. *Riggins*, 366 Mass. 81, 86 (1974). See *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 176 n.1 (1980), and cases cited therein.

The officers had sufficient justification to make an investigatory stop. See *Adams* v. *Williams*, 407 U.S. 143, 145-147 (1972). See also *United States* v. *Cortez*, 449 U.S. 411, 420 (1981). The informer had told the officers that the defendant had cocaine in his possession and was also carrying a firearm. See *Commonwealth* v. *Cantalupo, supra* at 176, and cases cited. Contrast *Sibron* v. *New York*, 392 U.S. 40, 62-63 (1968). When the officers' personal knowledge is coupled with the informer's quite specific tip (which was corroborated in substantial part), it cannot be said that the officers lacked "specific and articulable facts" (*Terry* v. *Ohio*, 392 U.S. 1, 21 [1968]), from which they could reasonably infer in light of their experience that the defendant was engaged in or about to engage in criminal conduct. Contrast *Reid* v. *Georgia*, 448 U.S. 438, 441 (1980); *Commonwealth* v. *Bacon*, 381 Mass. 642, 645-646 (1980).

We need not decide whether the police could have effected a constitutionally permissible arrest of the defendant if they had not observed the weapon in the defendant's hand.

*Order affirmed.*

*Sherrill P. Cline* for the defendant.

*M. Catherine Huddleson*, Special Assistant District Attorney (*David Marsh*, Legal Assistant to the District Attorney, with her) for the Commonwealth.