COMMONWEALTH vs. EDWARD ELLIS.

Plymouth.  September 10, 1981. — September 30, 1981.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Search and Seizure,* Automobile, Probable cause.

Where a police officer merely observed three persons conversing through
the window of an automobile in a parking lot, and then saw a person
standing outside the automobile pass what the officer believed to be
money into the automobile, and something returned to this person
from inside the automobile, the officer's subsequent stop of the auto-
mobile was not based on a reasonable suspicion that a crime had been
committed or was about to be committed, and a motion to suppress
contraband seized from the automobile should have been allowed.
[477-478]

COMPLAINT received and sworn to in the Third Plymouth
Division of the District Court Department on September 6,
1979.

The case was tried before *Collari, J.*

*Margaret H. Van Deusen* for the defendant.

*Robert M. Payton,* Assistant District Attorney, for the
Commonwealth.

BROWN, J.  The defendant appeals from his conviction on
a complaint charging possession of a controlled substance
with intent to distribute.  See G. L. c. 94C, § 32.  A com-
plaint charging him with possession was placed on file,
without objection, and hence is not before us.  See *Com-
monwealth* v. *Hoffer,* 375 Mass. 369, 370 n.1 (1978).

The defendant claims that the stop of his automobile and
the warrantless search of the pocket of a jacket seized from
the floor of that automobile violated his Fourth Amendment
rights.  On the record before us it appears that the judge
erred in denying the defendant's motion to suppress the con-
traband, as the stop of the defendant's car was not based on

reasonable suspicion that a crime had been committed, or was about to be committed.[1]  See *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974); *Commonwealth* v. *Ferrara*, 376 Mass. 502, 504 (1978); *Commonwealth* v. *Bacon*, 381 Mass. 642, 643-644 (1980).  See also *Brown* v. *Texas*, 443 U.S. 47, 52-53 (1979); *Commonwealth* v. *Almeida*, 373 Mass. 266, 270 (1977).  Contrast *Commonwealth* v. *Tisserand*, 5 Mass. App. Ct. 383, 384-385 (1977); *Commonwealth* v. *Moschella*, 11 Mass. App. Ct. 1021, 1022 (1981).

The only information known to the police officer prior to his stop of the automobile and "seizure" of its occupants was that (1) three persons[2] had been conversing through the window of a car in a parking lot, (2) the person standing outside the automobile passed what the officer believed to be money into the automobile, and (3) something was returned to this person from inside the automobile.  Contrast *Commonwealth* v. *Riggins*, 366 Mass. 81, 86-87 (1974), and cases cited; *Commonwealth* v. *Stinson*, 6 Mass. App. Ct. 899 (1978).

From the evidence, we conclude that the stop of the defendant's automobile was based solely on the officer's "hunch" that he had observed the sale of drugs.  See *Commonwealth* v. *Silva*, *supra* at 406.  See also *United States* v. *Price*, 599 F.2d 494, 500 n.7 (2d Cir. 1979).  There was no evidence to color the transaction.  The officer had no information about the contents of the vehicle, contrast *Commonwealth* v. *Ferrara*, 10 Mass. App. Ct. 818 (1980); nor was there independent information, such as a tip, that a crime was being committed, contrast *Commonwealth* v. *Cantalupo*, 380 Mass. 173, 175-176 (1980), and cases cited; *Adams* v. *Williams*, 407 U.S. 143, 147 (1972).  There

---

[1] Deciding as we do that the search was invalid in its inception, we do not find it necessary to reach the question whether "the scope of the search was justified by the circumstances." *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974).  See *Terry* v. *Ohio*, 392 U.S. 1, 19 (1968).  Compare *Commonwealth* v. *Ferrara*, 376 Mass. 502, 504 (1978).

[2] Although the officer knew the defendant prior to this incident, it is unclear from the transcript whether, prior to the stop, he was aware that the defendant was the operator of the car.

had been no report of a recent crime in that area, contrast *Commonwealth* v. *Riggins, supra* at 83-84; *Commonwealth* v. *Ling,* 370 Mass. 238, 239 (1976); *Commonwealth* v. *Johnson,* 6 Mass. App. Ct. 944, 945 (1978). Nor was there flight by the defendant, contrast *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 280-281 (1974), or even a rapid departure from the area, contrast *Commonwealth* v. *Battle,* 365 Mass. 472, 474 (1974).

Moreover, no additional information was gained by the officer upon following the car, contrast *Commonwealth* v. *Johnson, supra* at 946; no traffic violation was committed, contrast *Commonwealth* v. *Hawkes,* 362 Mass. 786, 787 (1973); *Commonwealth* v. *Harris,* 3 Mass. App. Ct. 343, 344 (1975), nor was any suspicious activity by either occupant observed prior to the stop, contrast *Commonwealth* v. *Anderson,* 366 Mass. 394, 400 (1974).

If the motion to suppress had been allowed the Commonwealth's case as presented would have been lacking in essential proof. Accordingly, the defendant's motion for a required finding of not guilty must now be allowed. See e.g., *Commonwealth* v. *Silva, supra* at 410-411.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*