COMMONWEALTH *vs.* ANTHONY SPAGNOLO (and three companion cases[1]). June 19, 1985. *Search and Seizure*, Automobile, Probable cause.

This matter was remanded to the Superior Court with clear direction to the motion judge to make such additional findings as were necessary to indicate "his belief or disbelief" of Detective Cutillo's uncontradicted "testimony that he had first observed the Lincoln while standing on the corner of Garfield Avenue." *Commonwealth* v. *Spagnolo*, 17 Mass. App. Ct. 516, 522 (1984). As there was a critical "contextually and chronologically deficient" (*ibid.*) earlier finding, this determination of credibility was essential in order for this court to be able to ascertain whether the stop of the defendants' car was·constitutionally justified. See *Commonwealth* v. *Almeida*, 373 Mass. 266, 270-272 (1977).

The motion judge now has provided the missing piece of the puzzle. The judge specifically found that "Detective Cutillo first observed the

[1] The companion cases are against Frederick A. Simone, Robert F. Carrozza, and Vincent C. Gioacchini.

Lincoln while standing on the corner of Garfield Avenue." In our earlier analysis of circumstances presented here (see *Commonwealth* v. *Jones*, 375 Mass. 349, 354 [1978]), we reasoned that "[c]ertainly, sighting the Lincoln coming from the direction which the four men and Zalenda had taken on foot, viewed in the context of a simultaneous shout — 'They got guns' — and a subsequent check of the area to make sure the four men were not still on foot, could reasonably be said to warrant Detective Cutillo's 'guess'[2] that the car probably contained the four men and should, therefore, be followed." 17 Mass. App. Ct. at 522. See and compare *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 944, 945-946 (1978); *Commonwealth* v. *Tosi*, 14 Mass. App. Ct. 1029, 1029-1030 (1982). As the particular testimony to be considered on remand was found by the motion judge to be true, we have no choice but to conclude that the motion judge erred in allowing the motion to suppress. See *Commonwealth* v. *Moon*, 380 Mass. 751, 756 (1980); *Commonwealth* v. *Spagnolo*, 17 Mass. App. Ct. at 517.

*Order allowing motion to suppress*
*reversed.*

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for the Commonwealth.

*Henry D. Katz* for the defendants.

---

[2]"The choice of the word — guess — is not dispositive. The task for the court is to determine the underlying basis of the officer's decision. A mere 'hunch' is constitutionally invalid, but reasonable 'inferences' and rational deductions therefrom may yield a 'particularized suspicion' in the total circumstances" (citations omitted). *Commonwealth* v. *Spagnolo*, 17 Mass. App. Ct. at 522 n.7.