## COMMONWEALTH *vs.* WILLIAM O'CONNOR.

Worcester.  December 16, 1985. — January 8, 1986.

Present: BROWN, SMITH, & WARNER, JJ.

*Search and Seizure,* Probable cause, Fruits of illegal search, Threshold police inquiry.

The fact that a police officer who had observed two persons sitting in an automobile in a parking lot saw the driver of the automobile, after looking at the officer, reach down below the dashboard did not, without more, justify the officer in opening the door of the automobile for further investigation, and a motion to suppress drugs seized from the automobile should have been allowed. [405-406]

Where a defendant charged with unlawful possession of cocaine made incriminating statements to a police officer after the officer, without justification, had opened the door of the defendant's automobile and had observed a piece of glass with white powder on it on the floor of the automobile, the defendant's motion to suppress the statements as the fruit of an illegal search should have been allowed. [406]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on October 3, 1983.

After transfer to the jury session motions to suppress evidence were heard by *Andre A. Gelinas,* J., and the case was heard by him.

*Ellen A. Howard,* Committee for Public Counsel Services, for the defendant.

*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.

BROWN, J.  The defendant was convicted of unlawful possession of cocaine (G. L. c. 94C, § 34) after a jury-waived trial in a District Court, at which the Commonwealth offered no evidence other than that which had been presented at the hearing on the defendant's motions to suppress items and statements.

Our task has needlessly been made more difficult because the judge did not make any findings.[1] See *Commonwealth* v. *Mattias*, 8 Mass. App. Ct. 786, 788 (1979). This failure, which is not in and of itself reversible error, requires us to engage in the unenviable task of analyzing "the record to see if the findings implicit in the judge's ruling are supported." *Commonwealth* v. *Gaulden*, 383 Mass. 543, 547 (1981).

The arresting officer testified that he was on patrol in a marked police cruiser at approximately 9:30 P.M. on October 1, 1983. He pulled into the parking lot of a liquor establishment and observed that one of the cars in the lot was occupied by the defendant, who was in the driver's seat, and a female passenger. The trooper testified that "[w]hen I made eye contact with the defendant . . . I observed the defendant, Mr. O'Connor, reaching down below the dash of the vehicle." At that point, the trooper testified that "I stopped the cruiser and approached the vehicle. I opened up the door and had a conversation with Mr. O'Connor." After opening the driver's door, the trooper observed a piece of glass with white powder on it on the floor of the vehicle. A search of the defendant and the area outside the vehicle yielded packets of a substance which proved, upon laboratory analysis, to be cocaine. The defendant was given his Miranda rights. "He stated he knew the young lady and picked her up. She was walking, he offered her a ride, and they went out to the vehicle and did a couple of lines of cocaine." The defendant also told the officer that he had thrown some of the cocaine outside the vehicle. Aside from the certificates of analysis, this testimony was the only evidence offered against the defendant.

1. The trooper confirmed on cross-examination that he immediately opened the defendant's car door and thereafter talked with him and saw the cocaine.[2] "A police officer may stop a

---

[1] We have said repeatedly that after the conclusion of the suppression hearing the motion judge should make findings. See Smith, Criminal Practice and Procedure § 1347 (2d ed. 1983).

[2] The order of these latter two events is unclear from the testimony. The sequence, however, has no bearing on our resolution of the pivotal issue on appeal.

vehicle in order to conduct a threshold inquiry if he has a reasonable suspicion that the occupants have committed, are committing, or are about to commit a crime. His suspicion must be based on specific, articulable facts and reasonable inferences drawn therefrom. A hunch will not suffice." *Commonwealth* v. *Wren,* 391 Mass. 705, 707 (1984). By itself, an attempt to avoid contact with or observation by the police is not enough to justify a suspicion. *Id.* at 708 n.2. See also *Commonwealth* v. *Bacon,* 381 Mass. 642, 645-646 (1980); *Commonwealth* v. *Thibeau,* 384 Mass. 762, 763-764 (1981).

The instant circumstances are controlled by *Commonwealth* v. *Podgurski,* 386 Mass. 385 (1982), cert. denied, 459 U.S. 1222 (1983). "Prior to [opening the car door], the officer made no attempt to question or communicate with the defendant[ ] in any way, nor does the record disclose that he was warranted in taking reasonable precautions for his safety." *Id.* at 390. See also *Commonwealth* v. *Silva,* 366 Mass. 402, 407 (1974); *Commonwealth* v. *Ellis,* 12 Mass. App. Ct. 476, 477-478 (1981). Contrast *Adams* v. *Williams,* 407 U.S. 143, 147-148 (1972); *Commonwealth* v. *Ortiz,* 376 Mass. 349, 353 (1978); *Commonwealth* v. *Sumerlin,* 393 Mass. 127, 128-131 (1984), cert. denied, 469 U.S. 1193 (1985). Because the officer had no right to open the car door, the contraband which was discovered as a result of this action must be suppressed. See *Commonwealth* v. *Ferrara,* 376 Mass. 502, 505 (1978).

2. "The 'fruit of the poisonous tree' doctrine which forbids putting illegally seized evidence to any use applies to verbal statements as well as to tangible evidence." *Commonwealth* v. *Conway,* 2 Mass. App. Ct. 547, 553 (1974), citing *Wong Sun* v. *United States,* 371 U.S. 471, 485 (1963). See also *Brown* v. *Illinois,* 422 U.S. 590, 597-604 (1975); *Dunaway* v. *New York,* 442 U.S. 200, 216-219 (1979). Because there would have been no occasion for a discussion about the cocaine between the trooper and the defendant if the trooper had not opened the defendant's car door and seen the white powder on the glass, it is plain that the defendant's statements resulted from "exploitation of that illegality." *Wong Sun* v. *United States, supra* at 488; *Commonwealth* v. *Conway, supra* at 554. The statements must be suppressed.

3. It is apparent that if the motions to suppress items and statements had been allowed the Commonwealth's case as presented would have been lacking in the proof essential to support conviction. "The defendant's motion for a required finding of not guilty must now be allowed." *Commonwealth v. Thibeau*, 384 Mass. at 765.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*