### COMMONWEALTH vs. SHAWN MEDEIROS.

No. 97-P-0414.

Bristol. January 12, 1998. - July 28, 1998.

Present: GREENBERG, DREBEN, & LENK, JJ.

*Practice, Criminal,* Findings by judge. *Search and Seizure,* Automobile, Threshold police inquiry. *Constitutional Law,* Search and seizure.

A police officer's stop of a motor vehicle was not based on a reasonable suspicion that a crime had been committed, and the defendant's motion to suppress evidence should have been allowed. [241-243]

COMPLAINT received and sworn to in the New Bedford Division of the District Court Department on January 9, 1996.

A motion to suppress evidence was heard by *John A. Markey, J.,* and the case was heard by *John B. Leonard, J.*

*Donald A. Brisson* for the defendant.

*David Keighley,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. After a motion judge denied the defendant's motion to suppress, the defendant was found guilty at a bench trial in the District Court on a complaint charging him with operating a motor vehicle after his operator's license had been suspended, in violation of G. L. c. 90, § 23. The defendant appeals.

The defendant asserts that the stop of his automobile and the arresting officer's interrogation of him violated his rights under the Fourth Amendment to the United States Constitution. On the record before us, it appears that the judge erred in denying the defendant's motion to suppress the information elicited from him by the officer as the stop was "not based on reasonable suspicion that a crime had been committed." *Commonwealth* v. *Ellis,* 12 Mass. App. Ct. 476, 476-477 (1981), and cases cited.

The motion judge made inadequate findings of fact.[1] Remand for additional findings is unnecessary here because the facts are uncontested. See *Commonwealth* v. *Prevost*, 44 Mass. App. Ct. 398, 399 (1998). See also Smith, Criminal Practice and Procedure § 1347 (2d ed. 1983 & Supp. 1998). We have reviewed the record to see if the findings necessary to the judge's ruling are supported by the evidence. See *Commonwealth* v. *Williams*, 378 Mass. 217, 224 n.4 (1979).

A Dartmouth police officer appeared as the only witness at the hearing on the motion. His testimony disclosed the following. Around 8:00 P.M. on January 8, 1996, the Dartmouth police department received information by telephone from an unidentified caller that the occupant of a white Monte Carlo automobile was observed leaving the vehicle and knocking on the door of a house located in the area of Skyline Drive to inquire whether a resident wanted him to shovel the newly fallen snow. The caller supplied a license plate number for the Monte Carlo. Officer Michael Gill was dispatched by radio to investigate. As he drove down route six, he saw a white Monte Carlo bearing the identified license plate number coming from a side street headed in his direction. The officer followed the car for about a mile. The vehicle was not speeding, nor was it being operated in an erratic fashion. The officer candidly testified that the only reason he stopped the vehicle was because of the call from his dispatcher.

After the stop, the defendant, who was driving the Monte Carlo, could not produce his operator's license, but, upon request, gave the officer a license number that he represented as his. That number proved incorrect, and a computer check revealed that the defendant's license had been suspended and that there were warrants out for his arrest. The defendant was placed under arrest for operating a motor vehicle while his license was suspended.

The defendant concedes (as he must) that his operator's license was under suspension. He argues, however, that the police lacked reasonable suspicion to stop the white Monte Carlo. Relying on *Commonwealth* v. *Lyons*, 409 Mass. 16, 20-22 (1990), he claims that the lack of corroborative information to support the reliability of the anonymous tip renders the stop of

---

[1]The docket reveals that the motion judge made the following entry: "Finding of fact is that 'stop' was reasonable based on time and circumstances on complaint of citizen."

the vehicle and the officer's preliminary inquiry unconstitutional. His argument is correct.

We start with the proposition that a stop of a moving vehicle involves a seizure within the meaning of the Fourth Amendment even if the period of detention is short. See *Commonwealth* v. *Silva*, 366 Mass. 402, 405 (1974). If the police are relying on a radio transmission as grounds for the stop, there must be evidence presented at the suppression hearing as to its reliability. *Commonwealth* v. *Berment*, 39 Mass. App. Ct. 522, 526 (1995), and cases cited. Further, the prosecutor has the "burden of proving specific and articulable facts which gave the officer reasonable ground to suspect that [the] occupant of the car had committed, was committing, or was about to commit a crime." *Commonwealth* v. *Wainio*, 7 Mass. App. Ct. 863, 863 (1979). *Commonwealth* v. *Berment*, *supra*. (Contrast *Commonwealth* v. *Cosme*, 15 Mass. App. Ct. 448, 451-453 [1983], a case in which the officer confirmed that a break-in had occurred shortly before stopping the defendant in his car.)

In addition to a license plate number, the only information supplied by the unidentified caller was that the occupant of a white Monte Carlo vehicle went to the door of a residence to inquire about shoveling snow just after a heavy storm. There were no reports about recent crimes in the area, see *Commonwealth* v. *Matthews*, 355 Mass. 378 (1969), or reports that the vehicle had suspiciously been parked late at night in front of a vacant lot, see *Commonwealth* v. *Wren*, 391 Mass. 705 (1984) (characterizing the case a "close one"), or reports of any observations late at night of a vehicle cruising slowly near a closed commercial area where numerous break-ins had occurred, see *Commonwealth* v. *Montgomery*, 23 Mass. App. Ct. 909 (1986). The situation here is unlike those cases where an anonymous tip contains some specific information about the suspect possessing weapons or contraband, see *Commonwealth* v. *McCauley*, 11 Mass. App. Ct. 780, 781 (1981), and *Commonwealth* v. *Modica*, 24 Mass App. Ct. 334, 338 & n.2 (1987); or where the caller describes the vehicle and predicts its destination as part of a criminal enterprise, *Commonwealth* v. *Reed*, 23 Mass. App. Ct. 294, 295-297 (1986); *Commonwealth* v. *Butterfield*, 44 Mass. App. Ct. 926 (1998) (known citizen caller tips police who corroborate crime report by following tire tracks in snow from scene of crime). As the Supreme Judicial Court stated in *Commonwealth* v. *Lyons*, 409 Mass. at 21-22,

"[a]nyone can telephone the police for any reason. Thus, some specificity of nonobvious facts which show familiarity with the suspect or specific facts which predict behavior is central to reasonable suspicion." *Ibid.*

The Commonwealth relies on *Commonwealth* v. *Wren, supra,* in which the Supreme Judicial Court upheld an investigatory stop based on police corroboration of nonincriminating details provided by a resident's tip concerning the occupant of a suspicious vehicle who was said to be "casing" the neighborhood. There the information came from a citizen informant who worked as a special officer for the local police department and who had known the investigating officer "through their work on the police force for about six years." *Id.* at 706. Of equal importance, the officer knew that the tip was based on the individual's personal observation of the suspicious activity. The individual even accompanied the police officer on his investigation. Here, the motion judge excluded evidence of exactly what the dispatcher told the investigating officer. In addition to the communication of the license place number, the record establishes only that the investigating officer was told that "the occupant [of the Monte Carlo vehicle] had gone to the door of one of the dwellings to shovel snow." Nothing more appears in the record of the motion hearing.

Moreover, no additional information came to the officer's attention upon following the car. Contrast *Commonwealth* v. *Johnson*, 6 Mass. App. Ct. 944, 946 (1978). Nor was the defendant engaged in any suspicious activity before or after the stop. *Commonwealth* v. *O'Connor*, 21 Mass. App. Ct. 404, 406 (1986). Reasonable suspicion to justify the stop did not exist.

Had the motion to suppress been allowed before or during trial, the Commonwealth's case as presented would have lacked essential proof. Accordingly, the defendant's motion for a required finding of not guilty should have been allowed. The judgment is reversed; the finding of guilty is set aside, and judgment shall enter for the defendant. *Commonwealth* v. *Silva*, 366 Mass. at 410. *Commonwealth* v. *Alvarez*, 44 Mass. App. Ct. 531, 536 (1998).

*Judgment reversed.*

*Finding set aside.*

*Judgment for the defendant.*