### COMMONWEALTH *VS.* JASON F. RIGGIERI.

No. 00-P-197.

Worcester. July 17, 2001. - December 10, 2001.

Present: GREENBERG, SMITH, & COWIN, JJ.

Further appellate review granted, 435 Mass. 1109 (2002).

*Search and Seizure,* Automobile, Threshold police inquiry. *Constitutional Law,* Search and seizure. *Evidence,* Hearsay, Corroborative evidence, Credibility of witness.

A police officer's stop of a motor vehicle was not premised on a reasonable suspicion based on specific facts and reasonable inferences that a crime had been committed, and the defendant's motion to suppress evidence (or, in the alternative, to dismiss the complaint) should have been allowed. [375-377]

COMPLAINT received and sworn to in the Westborough Division of the District Court Department on September 6, 1998.

A pretrial motion to suppress evidence or, in the alternative, to dismiss was heard by *Paul S. Waickowski,* J., and the case was tried before him.

*Sean J. Gallagher* for the defendant.

*Katherine E. McMahon,* Special Assistant District Attorney, for the Commonwealth.

GREENBERG, J. The defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor and was found guilty by a jury of six in the District Court.[1] On appeal, he contends that it was error to deny his motion to suppress evidence of his lack of sobriety (or in the alternative, to deny his motion to dismiss the complaint). Because the arresting officer was not justified in stopping the defendant's vehicle, we reverse the judgment of conviction.

In reviewing the denial of the defendant's motion, we accept

---

[1]The defendant was found not guilty of operating a motor vehicle negligently so as to endanger the public.

the motion judge's factual findings absent clear error. *Commonwealth* v. *Selby*, 420 Mass. 656, 657 (1995). "However, the judge's ultimate findings and conclusions of law, especially those of constitutional dimensions, are open to independent review on appeal." *Ibid.* See *Commonwealth* v. *Berment*, 39 Mass. App. Ct. 522, 523 (1995); *Commonwealth* v. *Badore*, 47 Mass. App. Ct. 600, 601 (1999).

The motion judge found the following facts. On Sunday, September 6, 1998, at approximately 1:30 A.M., Richard Haley, a Westborough police officer on patrol in a marked cruiser received a radio dispatch from the Westborough police station to be on the lookout for a car. The description included the make, model, and license plate number. Haley was informed by the dispatcher that an off-duty police officer was following a vehicle on Route 9 in an easterly direction and had reported to the dispatcher on his cellular telephone that the car was traveling (together with another vehicle) in an erratic fashion. Haley, who was on Route 135 in Westborough, moved his car into position and received additional reports from the dispatcher, confirming the car's make and model and the progress of the vehicles as they came westerly from Southborough. Haley observed the described vehicles pass his position at the intersection of Route 135 and 9. Haley followed both vehicles for a quarter of a mile on Route 9 and noticed no motor vehicle infractions. On the basis of the report, however, he stopped one of the vehicles, which was driven by the defendant.

In the course of the motion hearing, the prosecutor posed several questions to Haley about the source of the dispatcher's information. We have reproduced these in the margin.[2] Haley

---

[2] Q. "Was there any other dispatch to you as to who was making the call, who was calling in to the Westborough Police Station with these observations?"

A. "Ah, I don't . . . I'm not quite sure but I do remember at some point I did find out that Officer McLaughlin was the caller."

Q. "And who is Officer McLaughlin?"

A. "He's a Reserve Officer with the Westborough Police Department."

Q. "Do you know at what point it was that you learned his name as the caller?"

had no recollection whether the dispatcher actually knew the caller. Later in his testimony, Haley offered that only after the stop did he ascertain that it was reserve Officer McLaughlin who was the supposed caller. Neither the police radio dispatcher nor McLaughlin testified at the motion hearing.

The dispositive question is whether the credibility of the caller or the reliability of his report was established. Under the broad constitutional claims recited in his motion, the defendant makes the argument that the stop of his motor vehicle was not premised upon reasonable suspicion based on specific facts and reasonable inferences that he had committed, was committing, or was about to commit a crime. *Commonwealth* v. *Medeiros*, 45 Mass. App. Ct. 240, 242 (1998). See *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990); *Commonwealth* v. *Grinkley*, 44 Mass. App. Ct. 62, 66 (1997); *Commonwealth* v. *Lubiejewski*, 49 Mass. App. Ct. 212, 213-215 (2000). "[T]he Commonwealth has the burden of showing . . . that 'the authorities had reasonable ground to believe that an exigency existed, and . . . [that] the actions . . . were reasonable under the circumstances.' " *Commonwealth* v. *Morrison*, 429 Mass. 511, 515 (1999), quoting from *Commonwealth* v. *Marchione*, 384 Mass. 8, 10-11 (1981). That aspect of the government's proof passes muster. The problem lies with whether, under the relaxed version of the *Aguilar-Spinelli* test, the government proved the "veracity" or "reliability" prong of the test.[3] In the case of proving the

---

A. "I couldn't tell you."

Q. "Did he in fact . . . did you see him that night by the way, Officer McLaughlin?"

A. "He arrived at the stop."

Q. "So at some time after you pulled the Defendant's car over into the breakdown lane Officer McLaughlin pulled up?"

A. "Officer McLaughlin was almost right behind me."

[3]When information is provided to police by a "named and identified person" rather than a faceless informer, *Commonwealth* v. *Atchue*, 393 Mass. 343, 347 (1984), or by an identified private citizen, *Commonwealth* v. *Burt*, 393 Mass. 703, 710 (1985), or by a named citizen calling out of civic duty, *Commonwealth* v. *Rojas*, 403 Mass. 483, 488 (1988), the strict requirements

informant's reliability, the burden of proof falls upon the Commonwealth. *Commonwealth* v. *Lyons*, *supra* at 19.

If there was reliability of the caller in the instant case, a conclusion that is far from inevitable from the record, it was a good deal more inchoate than the judge's findings indicate. "Where hearsay is the basis of action by the police, they must have a substantial basis for crediting the hearsay." *Commonwealth* v. *Stevens*, 362 Mass. 24, 27 (1972), and cases cited. "If the police are relying on a radio transmission as grounds for the stop, there must be evidence presented at the suppression hearing as to its reliability." *Commonwealth* v. *Medeiros*, 45 Mass. App. Ct. at 242. The government is far short of having proved anything so definitive here. The basic difficulty is not that McLaughlin was not personally known to Haley, compare *Commonwealth* v. *Ciaramitaro*, 26 Mass. App. Ct. 110, 114-115 (1988), but that proof of this fact was entirely lacking at the motion hearing. Had there been proof that McLaughlin was a law enforcement officer known to Haley at the moment of the stop, the information he provided would have been presumed credible. *Commonwealth* v. *Watson*, 36 Mass. App. Ct. 252, 253 n.1 (1994). Here, the caller's representation that he was an off-duty police officer was established, if at all, after the stop. And there was nothing that Haley observed about the operation of the defendant's vehicle that corroborated the report. *Commonwealth* v. *Lyons*, *supra* at 19 (police corroboration may make up for deficiencies in either the reliability or basis of knowledge factors). It would have been relatively easy for the government to prove credibility by calling McLaughlin or the dispatcher as a witness at the motion hearing. Questions by the prosecutor that were apparently purposed at establishing the basis for Hale's stop failed to remedy this shortcoming.

We hold that the record does not support the judge's conclusion that the stop was justified. The judge's ruling was based on the caller himself having witnessed the defendant speeding and

of reliability that govern the analysis of an anonymous informant's trustworthiness are relaxed. *Commonwealth* v. *Freiberg*, 405 Mass. 282, 297, cert. denied, 493 U.S. 940 (1989). Compare *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *Spinelli* v. *United States*, 393 U.S. 410 (1969).

operating his vehicle in an erratic fashion. For that reason, it was critical for the government to prove his veracity. Haley only testified that at the time he initially observed the defendant's vehicle and signaled it to stop, the defendant was not exceeding the speed limit nor driving in an unusual fashion. At the time the defendant passed Haley, there was no motor vehicle violation warranting the stop. The reluctance of the motion judge to dismiss the case or suppress the evidence of Haley's observations of the defendant after the stop may be understandable since the effect of a dismissal or suppression would have resulted in the failure of the government's entire case. Nonetheless, we have repeatedly held that "[w]here the police rely on a police radio call to conduct an investigatory stop, under both Federal and State law, the Commonwealth must present evidence at the hearing on the motion to suppress on the factual basis for the police radio call in order to establish its indicia of reliability." *Commonwealth* v. *Berment*, 39 Mass. App. Ct. 522, 526 (1995), quoting *Commonwealth* v. *Cheek*, 413 Mass. 492, 494-495 (1992). See *Commonwealth* v. *Fraser*, 410 Mass. 541, 545-546 (1991).

Without Haley's testimony concerning the defendant's condition after the stop, the record is barren of any evidence of the defendant operating his motor vehicle under the influence of intoxicating liquor. As the evidence at the trial was the same as the evidence at the hearing, the guilty verdict is set aside, the judgment reversed, and judgment is to enter for the defendant.

*So ordered.*