COMMONWEALTH *vs.* JASON F. RIGGIERI.

Worcester. January 9, 2003. - January 30, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, SOSMAN, & CORDY, JJ.

*Search and Seizure,* Automobile, Threshold police inquiry. *Constitutional Law,* Search and seizure. *Evidence,* Informer, Corroborative evidence.

Information relayed by a police radio dispatcher was sufficient to warrant a traffic stop, where the dispatcher had recognized or had reasonably believed that a cellular telephone caller was a certain reserve police officer known to the dispatcher, and as a result the dispatcher could have considered as reliable information regarding the reckless operation of the vehicle which information he received from the caller and relayed to the police officer who stopped the vehicle. [615-617]

COMPLAINT received and sworn to in the Westborough Division of the District Court Department on September 6, 1998.

A pretrial motion to suppress evidence or, in the alternative, to dismiss was heard by *Paul S. Waickowski,* J., and the case was tried before him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brian J. Cann,* Assistant District Attorney, for the Commonwealth.

*Sean J. Gallagher* for the defendant.

IRELAND, J. Following a jury trial in the District Court, the defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor.[1] Prior to trial, the defendant filed a motion to suppress or to dismiss the complaints entirely. The motion judge, who was also the trial judge, denied the motion, and the defendant filed a timely notice of appeal. On appeal, the Appeals Court ruled that the judge erred in denying the defendant's motion to suppress, reversed the judg-

---

[1]The defendant was found not guilty of operating a motor vehicle negligently so as to endanger the public.

ment, and ordered judgment entered for the defendant. *Commonwealth* v. *Riggieri*, 53 Mass. App. Ct. 373 (2001). We granted the Commonwealth's application for further appellate review. Because we conclude that the police officer had sufficient justification for initiating a traffic stop of the defendant's vehicle, we affirm the judgment of the trial court.

1. *Facts.* We briefly recite the facts as found by the motion judge, supplemented by undisputed testimony from the motion hearing where necessary. On September 6, 1998, at approximately 1:30 A.M., Officer Richard Haley of the Westborough police department was alerted by a dispatcher to be on the look out for an automobile being driven erratically. The dispatcher relayed information to Officer Haley describing the make, model, and registration number of the vehicle.

The information regarding the automobile was reported by a cellular telephone caller to the Westborough police dispatcher. Officer Haley testified that while moving his cruiser to a position that would allow him to view the route traveled by the automobile, he received regular updates from the dispatcher regarding the progress of the vehicle. According to Officer Haley, the dispatcher identified the cellular telephone caller as an off-duty reserve Westborough police officer.[2] The off-duty reserve officer, identified in the record as Officer McLaughlin, apparently followed the defendant for some distance, updating the dispatcher as to the location and progression of the automobile.[3]

Shortly after the initial telephone call to the dispatcher, Officer Haley observed the automobile and followed the defendant

---

[2] Although Officer Haley could not recall the conversation verbatim, his recollection was that the dispatcher announced, "[o]ff duty police officer, motor vehicle violations. . . . Two vehicles are described with plate numbers, heading west on [Route] 9, and the caller was following the two vehicles." He also recalled that at some point, the dispatcher notified him that, "Officer McLaughlin was coming from Southborough, 9 west into Westborough, following these two vehicles."

[3] The motion judge did not make a finding as to the duration of the cellular call to the dispatcher, nor whether McLaughlin was actually mentioned by name to Officer Haley. Officer Haley did testify that he received regular updates from the dispatcher as to the progression and route of the automobile, and that it was the off-duty officer who was "calling out" his location. These facts support the finding by the motion judge that "an off duty reserve police officer, known to the dispatcher was following the vehicle in question."

approximately 400 yards before initiating a traffic stop. Officer Haley did not observe the defendant commit any traffic violations; in stopping the defendant he relied totally on the information from the dispatcher. Almost immediately after Officer Haley pulled over the defendant, McLaughlin arrived at the scene in his personal automobile.

2. *Discussion.* The defendant contends that because Officer Haley did not have information sufficient to allow a threshold inquiry, all of the information gathered subsequent to the stop should be suppressed. The sole issue on appeal is whether the information the dispatcher relayed to Officer Haley was sufficiently reliable to warrant a traffic stop. "A police officer may stop a vehicle in order to conduct a threshold inquiry if he has a reasonable suspicion that the occupants have committed, are committing, or are about to commit a crime. His suspicion must be based on specific, articulable facts and reasonable inferences drawn therefrom. A hunch will not suffice." *Commonwealth* v. *Wren*, 391 Mass. 705, 707 (1984), and cases cited. In this case, Officer Haley had no independent basis for his decision to conduct a threshold inquiry of the defendant. He relied completely on the description from the dispatcher regarding the driver's alleged reckless driving.

When a police officer initiates a stop on the basis of radio dispatch information, "the Commonwealth must present evidence at the hearing on the motion to suppress on the factual basis for the police radio call in order to establish its indicia of reliability." *Commonwealth* v. *Cheek*, 413 Mass. 492, 494-495 (1992), and cases cited. The Appeals Court held that the Commonwealth failed to show that the information received by Officer Haley was from a reliable informant. *Commonwealth* v. *Riggieri*, 53 Mass. App. Ct. 373, 375-376 (2001). That being the case, the court held that Officer Haley lacked reasonable suspicion for a threshold inquiry, and as a result the evidence obtained should have been suppressed. *Id.* at 376-377. We disagree.

"[I]f the police conduct an investigatory stop based on an informant's tip, our evaluation of the tip's indicia of reliability will be focused on the informant's reliability and his or her basis of knowledge. Independent police corroboration may make

up for deficiencies in one or both of these factors." *Commonwealth* v. *Barros*, 435 Mass. 171, 176 (2001), quoting *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990). We recognize that officers in the field may rely on flyers, bulletins, or radio information coming from dispatchers and fellow officers in conducting a threshold inquiry of a suspect. See *United States* v. *Hensley*, 469 U.S. 221, 232-233 (1985). "If a flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion that the wanted person has committed an offense, then reliance on that flyer or bulletin justifies a stop to check identification . . . to pose questions to the person, or to detain the person briefly while attempting to obtain further information" (citation omitted). *Id.* at 232. This court has also recognized that this principle is "equally applicable where information is transmitted between officers by radio rather than by a wanted flyer." *Commonwealth* v. *Fraser*, 410 Mass. 541, 546 (1991). Because Officer Haley did not personally witness any driving infractions or other events that would corroborate the dispatcher's information, this case turns on the reliability of the dispatcher's information at the time Officer Haley effectuated the stop. Because the dispatcher received the information from a cellular caller, we will focus on the caller's basis of knowledge and reliability.[4]

The main focus of inquiry in this case deals with the cellular telephone caller's reliability as a citizen informant.[5] Far from being an anonymous informant, McLaughlin was a reserve member of the Westborough police force. While there may not be sufficient evidence to show that, prior to the stop, Officer Haley himself knew that the informant was actually McLaughlin, we conclude that there was sufficient evidence adduced at the suppression hearing to show that the dispatcher could

[4]Although the same two-pronged test applies to probable cause, an investigatory automobile stop only requires that the Commonwealth demonstrate that the officer had a *reasonable suspicion*. Thus a less rigorous showing of an informant's reliability and knowledge is permissible. See *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990). See also *Commonwealth* v. *Wren*, 391 Mass. 705, 707 (1984).

[5]The fact McLaughlin drove behind the defendant's car and was able to identify the registration number and precise location was sufficient to indicate his first-hand knowledge.

reasonably have found the caller a reliable informant. While neither McLaughlin nor the dispatcher testified at the hearing, Officer Haley recounted the bulletin he received over the police radio. The judge found that "an off duty police officer, known to the dispatcher, was following the vehicle in question." We conclude that the motion judge correctly made the inference that the dispatcher knew, or reasonably believed, the cellular telephone caller to be off-duty Reserve Officer McLaughlin.

The obvious concern here is the potential for a situation where an anonymous caller impersonates an off-duty police officer. We believe, in this case, that that concern is unwarranted. Here, the testimony of Officer Haley indicated that McLaughlin was in fact the cellular telephone caller.[6] This point, however, is not relevant to the ultimate disposition of this case. What is relevant is whether the dispatcher reasonably credited the cellular telephone informant as a reliable source that would allow for a threshold inquiry. We conclude that the record contained sufficient proof for the motion judge to determine that the dispatcher recognized or reasonably believed the informant to be Reserve Officer McLaughlin.[7] The record permits the reasonable inference that the dispatcher recognized the cellular telephone caller as Reserve Officer McLaughlin (especially given his regular updates), and as a result could consider the information regarding the reckless operation of the automobile reliable. Thus, the information received by dispatch and relayed to Officer Haley was sufficiently reliable to satisfy the less rigorous requirement necessary for an officer to conduct a threshold inquiry. See *Commonwealth* v. *Lyons, supra*. Because the stop of the defendant was justified, the subsequent evidence gathered by Officer Haley was properly admitted at trial.

*Judgment affirmed.*

---

[6]Officer Haley testified that McLaughlin arrived at the scene immediately after the defendant was stopped, that the dispatcher specifically noted that it was an off-duty officer following the defendant, and that at some point prior to the stop he was told that McLaughlin was the informant.

[7]We "do not disturb subsidiary findings when warranted by the evidence." *Commonwealth* v. *Ramos*, 430 Mass. 545, 546 (2000). See *Commonwealth* v. *Yesilciman*, 406 Mass. 736, 743 (1990) ("In reviewing the denial of a motion to suppress", we accept the motion judge's subsidiary findings of fact absent clear error").