COMMONWEALTH vs. ANTONIO MORALES. February 17, 1976. The defendant was convicted of unlawful possession of heroin and sundry narcotics utensils (i.e., a hypodermic needle, a syringe, and bottle cap cooker) in a trial held in the Superior Court without a jury. He received a six-month suspended sentence on the conviction for unlawful possession of the heroin and a one-month sentence on the other charges and brings this case before us on a bill of exceptions. He contends that the trial court erred in denying his motion to suppress evidence of the heroin and the narcotics paraphernalia on the ground that the search and seizure which produced these items was unlawful. At the hearing on the motion to suppress there was evidence that a purse snatching on a street in Worcester was reported to the police department of that city and that a police officer was immediately dispatched to the scene where the victim told him that the alleged thief was a "youth" and that he "fled into a red car." An eyewitness also advised the officer that the assailant was a thinly built "Spanish" youth, five feet four inches tall, wearing a fatigue jacket and green knit hat and that he escaped in a red and black Firebird. This information was broadcast in a general police bulletin after it had been transcribed by the investigating officer on to a dispatch card and transmitted to police headquarters. Officer Donald V. Ramsdell, of the Worcester police department, testified at the suppression hearing that while on patrol in his cruiser he heard a substantially more specific broadcast regarding the incident (containing among other things, the license number, make, year, and color and the name of the driver of the vehicle — a person already known to the police) which he relied on shortly thereafter to stop and search a red, 1967, Pontiac Firebird in which the defendant was riding with others. Subsequently, he discovered the narcotics in question in the defendant's jacket, which was found in the car. The Commonwealth offered no evidence at the suppression hearing as to the source of the information which was heard by Ramsdell additional to and different from that on the dispatch card. *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 55-56 (1974) (citing *Whiteley* v. *Warden, Wyo. State Penitentiary,* 401 U.S. 560, 564-569 [1971]) holds that to support a finding of probable cause in a warrantless search, "evidence must be adduced demonstrating that the police officer responsible for issuing the radio communication had reliable information that a crime had occurred and that the instrumentalities or evidence of that crime would be found in the vehicle described in the broadcast." See also *Commonwealth* v. *Dupont,* 2 Mass. App. Ct. 566, 569-570 (1974); citing *Dyke* v. *Taylor Implement Mfg. Co.* 391 U.S. 216, 221 (1968). While there was some dispute at the suppression hearing regarding what was actually broadcast, the only information that was shown to have a basis and thus the proper subject for consideration in the determination of probable cause was that supplied by the victim and witness as noted on the dispatch card. (See *Aguilar* v. *Texas,* 378 U.S. 108 [1964]; *Brown* v. *United States,* 365 F.2d 976, 979 [D.C. Cir. 1966] [Burger, J.]; *Chambers* v. *Maroney,* 399 U.S. 42, 46-47 [1970]; *Adams* v. *Williams,* 407 U.S. 143, 147 [1972]). Disregarding the information heard by Ramsdell, because no source was shown for that information, we conclude that the data appearing on the dispatch card when considered alone was not sufficient to establish probable cause for the stopping and search of the vehicle. There was substantial disparity between what appeared on the dispatch card and what was actually seen by Ramsdell in that the defend-

ant was black rather than Spanish, six feet tall rather than five feet four inches, and that Ramsdell never saw the green knit hat. Since the arrest was, therefore, without probable cause, the jacket and its contents should have been suppressed. *Whiteley* v. *Warden, Wyo. State Penitentiary, supra,* at 564-569. *Commonwealth* v. *Antobenedetto, supra,* at 55-56. Although the defendant raises a question concerning the propriety of the Miranda warnings given him, we see no need to consider the argument in detail because the only admissions made by him with respect to matters which will not be suppressed in any retrial of this matter are concerned with inconsequential matters.

*Exceptions sustained.*

*Thomas F. Sullivan* for the defendant.
*John C. Fisher,* Assistant District Attorney, for the Commonwealth.