COMMONWEALTH *vs.* THEODORE E. MILLER. December 27, 1978. 1. There was no error in denying the defendant's motion to suppress a gun found in the car in which he was a passenger and which had been stopped by police officers. The officers had information which they had received over the police radio that the car in which the defendant was riding matched the description and registration number of one in which robbers had fled from the scene of a robbery some hours earlier. This furnished them with probable cause to believe that the car was involved in the crime and justified the stop of the car for further investigation. *Terry* v. *Ohio*, 392 U.S. 1, 21-22 (1968). *Commonwealth* v. *Wilson*, 360 Mass. 557, 559-560 (1971). *Commonwealth* v. *Riggins*, 366 Mass. 81, 86-87 (1974). *Commonwealth* v. *Anderson*, 366

Mass. 394, 398-400 (1974). *Commonwealth* v. *Ling,* 370 Mass. 238, 240-241 (1976). *Commonwealth* v. *Flowers,* 5 Mass. App. Ct. 557, 561 (1977). *Commonwealth* v. *Johnson, ante* 944, 946 (1978). The police saw a gun in the defendant's lap which closely matched the description of the one used in the robbery and saw him throw it to the floor of the car. *Commonwealth* v. *Wilson,* 360 Mass. at 560. The seizure was justified for their protection as well as to preserve the gun as evidence. *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 282-283 (1974). *Commonwealth* v. *Ling,* 370 Mass. at 242. Furthermore, there was evidence before the motion judge that the description of the car had been furnished to the victim by a civilian eyewitness and that the victim had transmitted that information together with his own description of the robbers and the gun to the police, who in turn broadcast it. This met the requirements for the substantiation of the reliability of a source of a police radio broadcast established in *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 56-57 (1974). See also *Commonwealth* v. *Morales,* 4 Mass. App. Ct. 779 (1976).

2. The defendant contends that he was denied his right to represent himself in State criminal proceedings. *Faretta* v. *California,* 422 U.S. 806 (1975). *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47 (1974). This right is not absolute unless there is an unequivocal and timely invocation of the right accompanied by an adequate waiver of the right to counsel. *Commonwealth* v. *Mott,* 2 Mass. App. Ct. at 51. *United States* v. *Dujanovic,* 486 F.2d 182, 186-187 (9th Cir. 1973). The defendant's first protest about his representation failed unequivocally to assert the right as it did not amount even to a request to proceed pro se. *Commonwealth* v. *Scott,* 360 Mass. 695, 699-700 (1971). His later requests to proceed pro se were unequivocal but were not timely as they came well after the commencement of the trial, one late in the trial and one at a post verdict disposition proceeding. *Commonwealth* v. *Mott,* 2 Mass. App. Ct. at 51. *United States ex rel. Maldonado* v. *Denno,* 348 F.2d 12, 15 (2d Cir. 1965), and cases cited. *United States* v. *Catino,* 403 F.2d 491, 497-498 (2d Cir. 1968). When the right is asserted after the trial has begun, the request is subject to the sound discretion of the trial judge. *United States* v. *Dougherty,* 473 F.2d 1113, 1124 (D.C. Cir. 1972). Compare *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560 (1968); *Commonwealth* v. *Perry, ante* 529, 537–539 (1978). See generally *Commonwealth* v. *Jackson,* 376 Mass. 790, 796-797 (1978). The judge may take into account the respective interests of the defendant and the Commonwealth and may consider, among other things, the fact that "the trial is in an advanced stage." *United States* v. *Dougherty,* 473 F.2d at 1124. *United States ex rel. Maldonado* v. *Denno,* 348 F.2d at 15. There was no abuse of discretion here.

*Judgment affirmed.*

*Dyanne Klein Polatin* for the defendant.

*Dennis J. Curran,* Assistant District Attorney (*Gordon M. Ludwig* with him) for the Commonwealth.