COMMONWEALTH *vs.* STEVEN WAINIO. February 16, 1979. It was error to deny the defendant's motion to suppress the contents of the overnight bag which was seized during the course of the warrantless search of the car after it had been stopped on a public way. Although the officer was aware of reports of several breaks in the area of his assigned patrol, it is clear from his testimony at the pretrial hearing on the motion that his only reason for stopping the car was his receipt of a police radio transmission directing him to "check out a suspicious motor vehicle" of foreign manufacture, which was followed shortly by another transmission advising of the approximate location of the "suspicious motor vehicle." As no evidence was offered as to the basis of either transmission (compare *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 52-53, 55-58 [1974]; *Commonwealth* v. *Morales,* 4 Mass. App. Ct. 779 [1976]: contrast *Commonwealth* v. *Riggins,* 366 Mass. 81, 85, 86-87, 88 n.5 [1974]; *Commonwealth* v. *Miller,* 6 Mass. App. Ct. 959, 960 [1978]), it follows that the prosecution failed to sustain its burden of proving specific and articulable facts which gave the officer reasonable ground to suspect that any occupant of the car had committed, was committing, or was about to commit a crime. See *Commonwealth* v. *Silva,* 366 Mass. 402, 405-407 (1974); *Commonwealth* v. *Ling,* 370 Mass. 238, 240-241 (1976); *Commonwealth* v. *Almeida,* 373 Mass. 266, 269-272 (1977); *Commonwealth* v. *Ferrara,* 376 Mass. 502, 504-505 (1978); *Commonwealth* v. *Flowers,* 5 Mass. App. Ct. 557, 561 (1977), cert. denied, 434 U.S. 1077 (1978). See also *Commonwealth* v. *Lehan,* 347 Mass. 197, 204-205 (1964); *Commonwealth* v. *Anderson,* 366 Mass. 394, 397, 399-400 (1974). Accordingly, the motion should have been allowed, even though there was evidence from which the judge could find (as he did) that the defendant consented to the opening of the bag once it had been discovered and removed from the car. Compare *Commonwealth* v. *Ferrara,* 376 Mass. at 503-504, 505.

*Judgment reversed.*
*Verdict set aside.*

*Mark B. Schmidt* for the defendant.

*William H. Kettlewell,* Assistant District Attorney, for the Commonwealth.