COMMONWEALTH *vs.* CHARLIE BAKON. March 30, 1979. The judge was correct in denying the defendant's motion to suppress evidence of the revolver upon which was based the defendant's conviction for unlawfully carrying a firearm on his person. The revolver was observed by a police officer in plain view and was seized by him during a threshold investigative inquiry which the officer was reasonably warranted in making, based as it was upon reasonable suspicion grounded in "specific and articulable facts." *Terry* v. *Ohio*, 392 U.S. 1, 21 (1967). See *Adams* v. *Williams*, 407 U.S. 143, 145-146 (1972); *Commonwealth* v. *Wilson*, 360 Mass. 557, 559-560 (1971); *Commonwealth* v. *Riggins*, 366 Mass. 81, 86 (1974); *Commonwealth* v. *Silva*, 366 Mass. 402, 405-406 (1974); *Commonwealth* v. *Ling*, 370 Mass. 1180, 1183-1184 (1976); *Commonwealth* v. *Almeida*, 373 Mass. 266, 270-272 (1977). The officer had received information in two police radio dispatches that a black male named "Charlie," armed with a sawed-off shotgun and a knife and operating a 1974 green Datsun sedan, had assaulted several individuals on a street in Roxbury. There was evidence before the judge that this information had been supplied by two male victims of the alleged assaults, providing the necessary showing of reliability of the source of the police radio bulletins to sustain the officer's actions, as required by *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 56 (1974). See *Commonwealth* v. *Riggins, supra* at 88 n.5; *Commonwealth* v. *Miller*, 6 Mass. App. Ct. 959 (1978); contrast *Commonwealth* v. *Morales*, 4 Mass. App. Ct. 779 (1976); *Commonwealth* v. *Wainio, ante* 863 (1979). Where the police officer, three hours after receiving the second radio communication, observed a black male, the defendant, seated alone in a 1974 green Datsun sedan parked in front of the Dudley Street MBTA station in Roxbury, the officer was justified in approaching the defendant and asking him to produce his registration and license. See G. L. c. 41, § 98. The registration which the defendant produced from the glove compartment revealed that his first name was "Charlie." When the defendant attempted to reach into his pocket (apparently, as the judge assumed, in response to the request for his license), the officer

was warranted in asking the defendant to step out of the car and could properly seize the .22 caliber revolver which, as the defendant alighted, the officer saw in plain view protruding from the defendant's left rear pants pocket. The judge found, and we agree, that the police officer's actions constituted a lawful threshold inquiry and were justified based upon the specific information available to him at that time, meeting the "reasonableness" requirements of the Fourth Amendment to the United States Constitution. "If it is reasonable in the circumstances, law enforcement officers are entitled to stop a person to conduct an investigative inquiry, even if those circumstances do not present probable cause to make an arrest or to conduct a general search." *Commonwealth* v. *Riggins, supra* at 86. The subsequent seizure of the gun in plain view (see *Commonwealth* v. *Haefeli,* 361 Mass. 271, 281-282 [1972]; *Commonwealth* v. *Anderson,* 366 Mass. 394, 401 [1974]; *Commonwealth* v. *Walker,* 370 Mass. 1657, 1665-1666, cert. denied, 429 U.S. 943 [1976]; *Coolidge* v. *New Hampshire,* 403 U.S. 443, 465-466 [1971]) was therefore proper.

*Judgment affirmed.*

*John W. Gibbons,* Assistant District Attorney, for the Commonwealth.

*Robert A. Stanziani & Randolph M. Gioia,* for the defendant, submitted a brief.