COMMONWEALTH vs. LUIS A. CARRASQUILLO.

No. 90-P-164.

Hampden. February 12, 1991. - June 28, 1991.

Present: WARNER, C.J., SMITH, & PORADA, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Probable cause, Threshold police inquiry. *Probable Cause*.

Evidence at the hearing on a criminal defendant's motion to suppress evidence seized during a warrantless search of his automobile did not demonstrate that the police had, at the time they stopped his automobile, a reasonable suspicion that the defendant had committed, was committing or was about to commit a crime, thus the motion to suppress should have been allowed. [785-787]

INDICTMENT found and returned in the Superior Court Department on March 18, 1988.

A pretrial motion to suppress evidence was heard by *William W. Simons*, J., and the case was tried before *John F. Murphy, Jr.*, J.

*Theodore A. Barone* for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. After a jury trial in the Superior Court, the defendant was convicted of trafficking in cocaine. On appeal, he challenges the denial of his motion to suppress evidence seized during a warrantless search of his automobile.[1] The facts found by the judge, supplemented by undisputed testimony given at the motion hearing, are as follows.

On February 3, 1988, an unidentified informant told Springfield police officer Paul Harvey that the informant

---

[1] In view of our disposition, it is unnecessary to consider the defendant's arguments as to other errors in the denial of the motion to suppress and during the trial.

could probably purchase cocaine from the defendant at the defendant's residence at 1302 Bay Street in Springfield. The informant had spoken of the defendant to Officer Harvey as a possible source of cocaine three or four weeks previously. The informant was authorized to make a purchase. He attempted to do so at noon that day, accompanied by an undercover police officer.

The informant and the undercover officer returned immediately after attempting to make the purchase, and reported to Officer Harvey that they had been unsuccessful. They informed him further that they had information (from an unidentified source) that the defendant had gone to New York City and would be returning in the early afternoon, probably before three o'clock. He would be accompanied by a Hispanic male who was planning to set up a cocaine distribution system. The second man was described as having a dark mustache and beard, and being from New York City. They would be transporting cocaine in the defendant's automobile. The police had previously learned the license plate number and the color of the defendant's automobile, a silver-colored "Monte Carlo."

Thereafter, police officers set up a surveillance along Interstate 91 (I 91), the main route between New York City and Springfield. Shortly before one o'clock in the afternoon, they spotted the defendant's automobile traveling north on I 91 near Enfield, Connecticut. Several unmarked police cars followed it north on I 91 and then on I 291. The police officers had expected the automobile to travel to the defendant's Bay Street address. Instead, it took the Armory Street exit off I 291. The automobile was stopped on the exit ramp because it appeared that it was not going to Bay Street and because it was a safe spot for a stop. The defendant was driving and he had a male passenger.

The motion judge found that the facts established at the hearing on the defendant's motion to suppress probably did not satisfy the *Aguilar-Spinelli*[2] test for probable cause. He

---

[2]*Aguilar v. Texas*, 378 U.S. 108 (1964). *Spinelli v. United States*, 393 U.S. 410 (1969).

held, however, that they reached the "level of reliability" sufficient to justify an investigatory stop and that the seizure of evidence had been proper.

"[T]he ultimate legal conclusion to be drawn from the fact[s] developed at the hearing [on the motion to suppress] is a matter for our review, particularly where the conclusion is of constitutional dimension." *Commonwealth* v. *Ciaramitaro*, 26 Mass. App. Ct. 110, 113 (1988), quoting from *Commonwealth* v. *Accaputo*, 380 Mass. 435, 448 n. 18 (1980). We employ the analysis required by the Supreme Judicial Court in *Commonwealth* v. *Lyons*, 409 Mass. 16, 19 (1990), to determine whether the police had sufficient reliable information to justify stopping the defendant's automobile.

A police officer may make an investigatory stop of an automobile only if the Commonwealth can prove that the officer "has a reasonable suspicion that the occupants have committed, are committing, or are about to commit a crime." *Commonwealth* v. *Lyons, supra*, quoting from *Commonwealth* v. *Wren*, 391 Mass. 705, 707 (1984). "To meet the 'reasonable suspicion' standard in this Commonwealth, police action must be 'based on specific, articulable facts and reasonable inferences therefrom' rather than on a 'hunch.' Thus, if the police conduct an investigatory stop based on an informant's tip, our evaluation of the tip's indicia of reliability will be focused on the informant's reliability and his or her basis of knowledge. Independent police corroboration may make up for deficiencies in one or both of these factors. Because the standard is reasonable suspicion rather than probable cause, a less rigorous showing in each of these areas is permissible." *Ibid.* (Citation omitted).

Here, the police relied on information given by an unnamed informant and an undercover police officer. As to the informant, Officer Harvey, the sole witness at the suppression hearing, provided no information concerning either his reliability or his basis of knowledge that the defendant sold drugs from his home. That aspect of the tip was not corroborated in any respect, as the attempted purchase was not successful. Contrast *Commonwealth* v. *Ciaramitaro, supra* at 115. Cf.

*Commonwealth v. Nowells*, 390 Mass. 621, 624-627 (1983). The tip, therefore, contributed nothing to the development of reasonable suspicion.

This leaves the subsequent information relayed to Harvey by the informant and the undercover police officer, along with any independent corroboration, as the only bases by which we may determine whether the reasonable suspicion standard was met. The information relayed to Harvey by the informant and the undercover officer on return from the defendant's home was that the defendant had gone to New York City and would be driving to his home in the early afternoon, accompanied by a Hispanic man with a beard and mustache who planned to start a cocaine distribution ring, and that the defendant would be transporting cocaine. There was no evidence of the original source of that information and, consequently, nothing by which to measure reliability. No information was provided concerning the basis of knowledge of the source. The information did not rise to the level required to meet the reasonable suspicion standard. See *Commonwealth v. Lyons*, 409 Mass. at 17, 20 (Anonymous caller's tip that two white men, one named Wayne, had just purchased narcotics in Chelsea and would be heading for Bridgton, Maine, in a silver Hyundai automobile with Maine registration 440-44T did not establish reasonable suspicion to stop defendant's automobile). Compare *Commonwealth v. Anderson*, 366 Mass. 394, 399-400 (1974) (Contents of anonymous informant's note describing a bus passenger and stating that he was armed and carrying narcotics implied that the informant had obtained the information through personal observation; taken together with independent police corroboration of the defendant's description and suspicious behavior, an investigatory stop was justified); *Commonwealth v. Blake*, 23 Mass. App. Ct. 456, 457-459 (1987) ("A detailed tip [describing the defendant's drug dealing, based on personal observation], confirmed by the appearance of the car as predicted, at roughly the indicated place, moving in the 'right' direction, surely provided the reasonable and articulable suspicion that justified a threshold inquiry"); *Com-*

*monwealth* v. *Ciaramitaro*, 26 Mass. App. Ct. at 115 (One of two confidential informants had previously provided information leading to the arrest and conviction of both defendants on heroin charges, the two independently corroborated each other, and police surveillance confirmed the tips in significant predictive respects).

Since no information was introduced indicating either the reliability or the basis of knowledge of the source of information as to the New York City trip, we look to the degree of independent police corroboration to "make up for [these] deficiencies." *Commonwealth* v. *Lyons*, 409 Mass. at 19. Police corroboration consisted of spotting the defendant's automobile on the main road from New York to Springfield during the time period predicted. That corroboration was weakened by the fact that when the police stopped the defendant's automobile, it was not headed in the direction of his apartment, as the tip had led the police to expect. In this case, as in *Lyons*, the corroborative "details do not reveal any special familiarity with the defendant['s] affairs that might substitute for explicit information about the basis of the [informant's] knowledge." *Commonwealth* v. *Lyons, supra* at 20 (Independent police verification of the description of the defendant's automobile, the direction in which it was going, and the race and gender of the occupants was insufficient to justify a stop where the anonymous informant's tip provided no information concerning his reliability or basis of knowledge). Contrast *Commonwealth* v. *Ciaramitaro, supra* at 112, 115.

Because the information given to the police, together with police corroboration, could not give rise to a reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime, the stop of his automobile was improper. The motion to suppress should have been allowed.

Accordingly, the judgment is reversed, the verdict is set aside, and the case is remanded to the Superior Court for the entry of a finding of not guilty.[3] See *Commonwealth* v.

---

[3]Evidence seized following the stop constituted the entire basis for the defendant's conviction.

*Funches*, 379 Mass. 283, 296-297 (1979). Contrast *Commonwealth* v. *Taylor*, 383 Mass. 272, 283-285 (1985).

*So ordered.*