COMMONWEALTH *VS*. DAVID NUNEZ.

No. 07-P-140.

Suffolk. October 17, 2007. - November 29, 2007.

Present: KANTROWITZ, MILLS, & GREEN, JJ.

*Search and Seizure,* Threshold police inquiry, Reasonable suspicion. *Threshold police inquiry.*

A Boston Municipal Court judge erred in allowing the criminal defendant's motion to suppress evidence discovered as a result of a Boston police officer's order that the defendant exit a motor vehicle in which he was riding as a passenger after the officer had stopped the vehicle for an infraction, where the safety risk posed by the possibility of a weapon in the defendant's pocket was evident in the circumstances, and where the limited intrusion posed by the order was proportionate to the risk presented. [754-756]

COMPLAINT received and sworn to in the Roxbury Division of the Boston Municipal Court Department on June 29, 2006.

A pretrial motion to suppress evidence was heard by *Michael J. Coyne*, J.

An application for leave to prosecute an interlocutory appeal was allowed by *John M. Greaney*, J., in the Supreme Judicial Court for the county of Suffolk, and the case was reported by him to the Appeals Court.

*David D. McGowan* (*John P. Zanini*, Assistant District Attorney, with him) for the Commonwealth.

*Robert Herrick* for the defendant.

GREEN, J. At issue is the propriety of a direction, given by a Boston police officer to a passenger in a motor vehicle, to step out of the vehicle after it had been stopped for an infraction.[1] A judge of the Boston Municipal Court concluded that the officer was without adequate justification to order the defendant out of the vehicle and allowed the defendant's motion to suppress

---

[1]No issue is raised concerning the propriety of the stop.

evidence discovered and seized as a result of the exit order. On the Commonwealth's interlocutory appeal,[2] we reverse.

*Facts.* We summarize the findings of the motion judge.[3] On May 18, 2006, at approximately 2:30 P.M., Boston police Officers Cutroneo, McCarthy, and Joyce, and Boston police Detective Collins, were on patrol in an unmarked cruiser near the Lenox Street public housing development in Boston's South End neighborhood. The officers are members of the Boston police department's youth violence strike force. The area where they were on patrol is a high crime area, in which the officers previously had made numerous arrests for drug and firearms offenses.

While on patrol, the officers observed two cars, side by side, at the stoplight at Columbus Avenue. When the traffic signal turned green, the cars accelerated to a high rate of speed and emitted loud noises from their mufflers. Officer Cutroneo drove alongside the cars and activated the lights and siren on his cruiser, pulling the cars over to the side of the road. When the cars had stopped, Officer Cutroneo parked his cruiser in front of them. The officers got out of the cruiser and instructed both drivers to turn off their cars.

The defendant was a front seat passenger in one of the two cars. Officer McCarthy approached the driver's side of that vehicle, and Officer Cutroneo approached the passenger's side.[4] Officer McCarthy reached the driver's side while Officer Cutroneo was still making his approach. As Officer Cutroneo reached the passenger's side, Officer McCarthy told him to "watch out for the passenger — watch his hands." Officer Cutroneo told the defendant "not to do anything stupid, not to make any sudden movements, and to place his hands in view" of the officer. The defendant, who had his hand in his pocket at the time, removed his hand so that Officer Cutroneo could see it. However,

[2] A single justice of the Supreme Judicial Court allowed the Commonwealth's application for leave to appeal the order. Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). The single justice reported the case to the Appeals Court.

[3] The findings of the motion judge are particularly clear, thorough, and detailed, and neither party asserts any error in them. Though we reach a different conclusion concerning the application of constitutional principles to the facts as found, see *Commonwealth* v. *Mercado*, 422 Mass. 367, 369 (1996), we acknowledge and appreciate the care evident in the judge's findings.

[4] Officer Joyce and Detective Collins approached the other vehicle.

the defendant then immediately placed his hand back in his pocket. The defendant began breathing heavily at that point, causing Officer Cutroneo to believe that the defendant was nervous.

Officer Cutroneo again directed the defendant to remove his hand from his pocket. When the defendant again complied with that request, Officer Cutroneo instructed him to step out of the car. As the defendant did so, Officer Cutroneo saw a partially smoked marijuana cigarette on the floor of the car and asked the defendant if the cigarette was his; the defendant responded that it was. Officer Cutroneo then conducted a patfrisk of the defendant and found a firearm in the right front pocket of the defendant's pants. The officer then placed the defendant under arrest.

*Discussion.* The sole question before us is the propriety of Officer Cutroneo's order to the defendant to step out of the vehicle.[5] "Under art. 14 of the Declaration of Rights of the Massachusetts Constitution, 'a police officer must, at least, have a reasonable suspicion of danger before compelling a driver to leave his motor vehicle.' *Commonwealth* v. *Gonsalves*, 429 Mass. 658, 662 (1999). However, '[w]hile a mere hunch is not enough . . . it does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns, and, if the basis is there, a court will uphold the order.' *Id.* at 664." *Commonwealth* v. *Feyenord*, 445 Mass. 72, 75-76 (2005), cert. denied, 546 U.S. 1187 (2006). To determine whether it is reasonable for an officer to believe that danger is present, we consider "whether a reasonably prudent man in the policeman's position would be warranted" in such a belief. *Commonwealth* v. *Vazquez*, 426 Mass. 99, 103 (1997), quoting from *Commonwealth* v. *Santana*, 420 Mass. 205, 212-213 (1995).

---

[5]As noted above, see note 1, *supra*, no issue has been raised concerning the propriety of the stop. In addition, upon Officer Cutroneo's observation of the marijuana cigarette on the floor of the car and the defendant's acknowledgment that the cigarette was his, the officer had probable cause to arrest the defendant, and the ensuing patfrisk was justified as a search incident to an arrest. Officer Cutroneo's observation of the marijuana cigarette, however, occurred during the defendant's compliance with the exit order and, accordingly, cannot support the subsequent search if the exit order was unjustified.

In the present case, several factors contributed to Officer Cutroneo's suspicion of danger. The stop occurred in a high crime area, and the defendant exhibited signs of nervousness. Neither factor is alone sufficient, of course, to create reasonable suspicion. See *Commonwealth* v. *Cheek*, 413 Mass. 492, 496-497 (1992); *Commonwealth* v. *Torres*, 424 Mass. 153, 158-159 (1997). However, such factors may contribute to reasonable suspicion when considered in the totality of the circumstances of the encounter. See *Commonwealth* v. *Fisher*, 54 Mass. App. Ct. 41, 44-45 (2002). See also *Commonwealth* v. *DePeiza*, 449 Mass. 367, 372 (2007). Of particular significance in the present case was the defendant's action in putting his hand back into his pocket after Officer Cutroneo had directed him to keep his hands in view.[6] In the circumstances, the safety risk posed by the possibility of a weapon in the defendant's pocket was evident, and Officer Cutroneo's concern was reasonable.

The defendant argues that any legitimate safety concern subsided when he complied with Officer Cutroneo's second command to remove his hand from his pocket. However, "the justification for an exit order does not depend on the presence of an 'immediate threat' at the precise moment of the order, but rather on the safety concerns raised by the entire circumstances of the encounter." *Commonwealth* v. *Stampley*, 437 Mass. 323, 328 (2002). In the present case, as in *Stampley*, the encounter was ongoing, and the safety concerns prompted by the defendant's return of his hand to his pocket after being directed not to do so could not be avoided merely by terminating the stop. See *Stampley*, *supra* at 329. "The Constitution does not require officers 'to gamble with their personal safety.' " *Commonwealth* v. *Haskell*, 438 Mass. 790, 794 (2003), quoting from *Commonwealth* v. *Robbins*, 407 Mass. 147, 152 (1990). Officer Cutroneo could well have believed that he could monitor the defendant's movements more effectively by removing him from the car, rather than having him remain seated in the car. The

[6]The judge's findings do not describe the basis for Officer McCarthy's initial warning to "watch out" for the passenger's hands. Without an indication in the findings that the warning had a reasonable basis in fact, we place no reliance on it in assessing the reasonableness of Officer Cutroneo's fear for his safety. However, Officer McCarthy's warning at a minimum explains how Officer Cutroneo's attention was drawn to the defendant's hands.

limited intrusion posed by Officer Cutroneo's exit order was proportionate to the safety risk presented in the circumstances.[7] The exit order was justified, and it was error to allow the defendant's motion to suppress. The order allowing that motion is reversed, and the case is remanded for further proceedings.

*So ordered.*

---

[7]The defendant attempts to minimize the significance of his violation of Officer Cutroneo's direction to keep his hands in view, suggesting that Officer Cutroneo's initial directive (not to move and to keep his hands in view) was internally inconsistent and could have confused the defendant. The argument is unpersuasive. If the defendant believed he was to remain motionless, he would not have removed his hand from his pocket initially, and we see nothing particularly confusing or ambiguous about the officer's instruction to the defendant to keep his hands in view. In any event, the question is not whether the defendant could reasonably have believed he was permitted to return his hands to his pockets, but whether Officer Cutroneo could reasonably have believed the defendant's actions in doing so posed a risk of danger.