This case arises out of a traffic stop for a civil motor vehicle infraction, specifically, a marked lanes violation. The stop led to the defendant's arrest for operating a motor vehicle while under the influence of intoxicating liquor.[2] The defendant, arguing that there was no probable cause for the stop, moved to suppress the evidence obtained thereafter. The judge allowed the motion and the Commonwealth appeals. We reverse.
Officer Michael Jablonski, of the Belchertown police department, testified that, on June 18, 2016, in the early morning hours, he was traveling on Route 202. He observed that "the vehicle in front of [him] was having a hard time maintaining its lanes." Specifically, Jablonski testified: "The operator of the vehicle, he would be swerving back over the white fog line. The passenger tires crossed over the fog line, approximately two feet over for I would say at least three to five seconds at a time, and then he would, you know get back in the lane and go over and rub on the yellow lines and cross over the yellow lines, and then head back towards the white fog line again too. Just kind of drifting in and out of the lanes." A video recording taken from the officer's dashboard camera was admitted at the hearing and, although the judge found a "stark contrast" between the officer's testimony and the recording, the judge determined that the defendant's car did, in fact, "cross over the fog line one time for two to three seconds."[3]
According to G. L. c. 89, § 4A, inserted by St. 1952, c. 461, § 1, "[w]hen any way has been divided into lanes, the driver of a vehicle shall so drive that the vehicle shall be entirely within a single lane, and he shall not move from the lane in which he is driving until he has first ascertained if such movement can be made with safety." The judge concluded that this statute did not apply to the defendant's operation because, in his view, "crossing a fog line one time for a few seconds does not constitute a marked lanes violation" under the statute. "Second," the judge wrote, "even if the fog line is a marked lane for the purposes of the statute, there is no indication in the facts that the defendant's crossing the fog line was unsafe."
We disagree. The statute requires that "the driver of a vehicle ... drive [so] that the vehicle shall be entirely within a single lane, and he shall not move from the lane in which he is driving until he has first ascertained if such movement can be made with safety" (emphasis supplied).[4] The judge's conclusion-and the defendant's argument-that the fog line does not define the lane simply defies common sense. A driver, such as the defendant, who veers into the breakdown lane on the other side of a right-side fog line creates a public safety risk-for bicyclists, for pedestrians, and for cars stopped in that lane because of an emergency. Cf. Commonwealth v. Jewett, 471 Mass. 624, 625 (2015) (Supreme Judicial Court, albeit in dictum, described crossing fog line as "marked lanes violation").
"In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact unless they are clearly erroneous but independently review the judge's ultimate findings and conclusions of law." Commonwealth v. Depiero, 473 Mass. 450, 453 (2016), quoting from Commonwealth v. Anderson, 461 Mass. 616, 619 (2012). "In order for a police investigatory stop to be justified under art. 14 [of the Massachusetts Declaration of Rights], the police must have 'reasonable suspicion' to conduct the stop." Commonwealth v. Scott, 440 Mass. 642, 646 (2004), quoting from Commonwealth v. Cheek, 413 Mass. 492, 494 (1992). In particular, "[w]here the police have observed a traffic violation, they are warranted in stopping a vehicle." Commonwealth v. Cordero, 477 Mass. 237, 242 (2017), quoting from Commonwealth v. Amado, 474 Mass. 147, 151 (2016).
As a result, in this case, because the judge found that the defendant drove out of the marked travel lane when crossing over the fog line, the observing police officer had reason to stop the defendant for a marked lanes violation. The motion to suppress should have been denied.
Order allowing motion to suppress reversed.

The defendant also was charged with the civil motor vehicle infraction of a marked lanes violation.

Although the judge found an inconsistency between the officer's testimony and what was depicted on the video recording, he did "not find that [the officer] was being willfully dishonest about what transpired on the evening of the car stop. However, based on the cruiser video, the [judge] conclude[d] that either [the officer] d[id] not have a clear recollection of the events or is confusing this incident with another incident."

The defendant does not argue that, when he traveled over the fog line, he was changing lanes-or even that the road contained two lanes in the direction he was headed.