COMMONWEALTH *vs.* OSCAR CORONEL (and three companion cases[1]). No. 05-P-1810. November 7, 2007. *Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure* Search incident to lawful arrest, Probable cause. *Arrest. Probable Cause. Controlled Substances.*

This appeal concerns a police search incident to the arrest of the defendants in a high crime area of Lynn after codefendant Richard Eaton was observed leaving a car operated by codefendant Oscar Coronel. A joint motion to suppress drugs and certain other evidence[2] was allowed, and the Commonwealth now brings this interlocutory appeal.

*Search incident to arrest.* The parties agree that this aspect of the case is controlled by *Commonwealth* v. *Kennedy*, 426 Mass. 703 (1998), but disagree as to whether the factors in that case supporting probable cause to arrest are present here.[3] The motion judge concluded that arrest was not supported by probable cause in the present matter where the arresting officer "did not witness any interaction, exchange or transaction between the defendants" while they were in the vehicle. The judge cited *Commonwealth* v. *Kennedy, supra* at 711, which states, "Certainly whether the officer sees an object exchanged is an important piece of evidence that supports probable cause, and its absence weakens the Commonwealth's probable cause showing." We conclude, however, that the facts of the present case are sufficient under *Kennedy*, which also states, "[W]e would critically handicap law enforcement to require in every circumstance that an officer not only witness an apparent exchange, but also see what object was exchanged, before making a search incident to an arrest." *Ibid.*

The salient facts are these. After pulling up to a pay telephone, a female exited a blue Chevrolet Lumina van to place a brief call. She returned to the

---

[1]Two of the companion cases are against Coronel, and one is against Richard Eaton. Coronel was charged with distribution of a Class B substance, distribution in a school zone, and possession with intent to distribute. Eaton was charged with possession of a Class B substance.

[2]A District Court judge allowed the defendants' joint motion to suppress 1.41 grams of cocaine found on Eaton and seventy-four dollars found in Coronel's automobile, as well as Eaton's statement, made at the scene of the arrests, that he had been purchasing cocaine from Coronel for some time; also suppressed were items subsequently found in Coronel's residence. See note 6, *infra*.

[3]In *Commonwealth* v. *Kennedy*, 426 Mass. at 708-709, the court found probable cause where (1) there was an interaction between someone in a vehicle and a person on the street, "who apparently retrieved something before concluding the interaction with the vehicle's occupant"; (2) the interaction occurred at a location known for a high incidence of drug traffic; (3) the event was witnessed by an experienced officer who had made previous drug arrests in the area and considered the interaction as one involving a drug sale; (4) the interaction could be interpreted as suspicious conduct; and (5) the officer had knowledge that one of the defendants was a person previously arrested as a drug dealer.

driver's seat, where she remained along with a passenger who later turned out to be Eaton. Shortly thereafter a second car, a white Toyota driven by Coronel, passed them slowly. The Lumina immediately followed the Toyota for a short distance until both cars stopped, after turning a corner. Eaton quickly went from the Lumina into the Toyota.

Although the officer did not see from his vantage point any money or drugs exchanged while the defendants sat together in the Toyota, he did observe that Eaton remained in the car with Coronel for only ten to fifteen seconds, indicating a very brief interaction between them. We also note that the officer recognized Coronel, having arrested him previously for trafficking in cocaine from the very same Toyota.[4] Eaton quickly emerged from the car and the officer saw him "stuffing" something with his right hand into his left, upper front pocket.[5] At that point, the officer concluded, based on his experience and training, that a narcotics deal had just taken place. These events occurred in an area known by the officer for a high incidence of crime, including illicit drug activity. In addition, the observations were made by an experienced officer. That the same officer had previously arrested Coronel for trafficking in cocaine from the same Toyota is of some significance, compare *Commonwealth* v. *Kennedy*, *supra* at 709, and we consider it in reaching our decision, although the judge did not reference this particular fact. See note 4, *supra*.

Considering all of the circumstances presented, it was a reasonable inference, and not a mere hunch as the motion judge suggested, that an exchange of contraband took place during the ten to fifteen second interval that Eaton was in Coronel's car. We thus conclude that the criteria of *Commonwealth* v. *Kennedy*, *supra* at 708-709, supporting probable cause were met in the present case, and we reverse the motion judge's order insofar as it allowed the suppression of Eaton's statements, drugs, and other evidence seized from the defendants at the scene.

*Search of defendant Coronel's home.* The Commonwealth also appeals the suppression of items seized from Coronel's residence subsequent to his arrest.[6] Because the judge determined that the search was tainted by the prior illegality, he did not reach the issue, raised by Coronel below, whether the consent to search was freely and voluntarily given. As the motion judge made no findings on this aspect of the case, we vacate that portion of the suppression order and remand for further proceedings to resolve whether the search of Coronel's residence was otherwise lawful.

*So ordered.*

---

[4]Although the motion judge stated at the suppression hearing that he recalled testimony indicating a prior "narcotics offense" (rather than trafficking in cocaine specifically), he did not allude to such an offense in his written findings. Our review of the record indicates that it was uncontradicted that the officer's prior arrest of Coronel was for trafficking in cocaine, which was alleged to have been conducted from the same vehicle at issue here.

[5]Although the judge noted in his findings that Eaton "appeared . . . to be stuffing something with his right hand into the pocket of his coat" without specifying which pocket, he credited the officer's testimony, which referred to the left upper pocket.

[6]Although the officers arrived there without a warrant, Coronel's mother apparently permitted them to search Coronel's bedroom where, in plain view, they saw a bottle of inositol and a wooden press, items typically used in the preparation of "rock" cocaine. They also seized $3,635 from Coronel's nightstand.

*David F. O'Sullivan*, Assistant District Attorney, for the Commonwealth.
*Stephen D. Judge* for Richard Eaton.
*Stephen P. O'Malley, Jr. (Dana Alan Curhan* with him) for Oscar Coronel.