The defendant, charged in the District Court with possessing cocaine with intent to distribute and doing so in a school zone, moved successfully to suppress drugs that were seized from his person.[1] The Commonwealth was granted leave by a single justice of this court to pursue an interlocutory appeal to the Appeals Court. The Appeals Court held that the motion to suppress should have been denied. Commonwealth v. Levy, 76 Mass. App. Ct. 617 (2010). We granted the defendant’s application for further appellate review. We affirm the decision of the District Court judge allowing the defendant’s motion.
Background. We need not recite the facts in detail, as they are accurately presented by the Appeals Court. Commonwealth v. Levy, supra at 618-620. It *859 suffices to recount only the essential events that preceded the search of the defendant.
On a January evening in 2007, a Brockton police detective with experience investigating narcotics offenses was conducting surveillance of a set of public telephones outside Rice’s Market in Brockton. The telephones often had been used to arrange drug transactions. At approximately 10 p.m., the detective saw a Ford automobile occupied by a man and two women pull up to the telephones. The man made a twenty-second telephone call, and then returned to the vehicle, which drove away. The detective followed the vehicle for about three-quarters of a mile to a residential area where the vehicle stopped and the man got out and began pacing. A few minutes later, a Pontiac automobile with three occupants arrived and the man pacing the street got in the back seat of that vehicle. The Pontiac traveled approximately 200 yards around the block, after which the man got out and began walking in the direction of the Ford. The detective, although he did not see an exchange of any item with any of the occupants of the Pontiac, thought he had witnessed a drug transaction. In addition, he learned that the registered owner of the Pontiac had a suspended license. After following the Pontiac for a short while, and enlisting backup, the police stopped the Pontiac. The driver and the defendant, who was sitting in the front passenger seat, were asked to get out of the vehicle and were searched. The detective and another officer found twenty-eight individually packaged bags of “crack” cocaine in the defendant’s boot. Another officer found $350 in cash in the driver’s pocket.
Discussion. The question we address is whether the police had probable cause to arrest the defendant and search his boot. We conclude that they did not. The central cases that the Commonwealth relies on, Commonwealth v. Kennedy, 426 Mass. 703 (1998), and Commonwealth v. Santaliz, 413 Mass. 238 (1992), are distinguishable from this case in material respects. In the Santaliz case, an experienced police officer saw, among other things, an actual exchange of an object for cash, and the exchange was made in front of a “soup kitchen” specifically known for a high incidence of illicit drug activity. See Commonwealth v. Santaliz, supra at 239-240. In the Kennedy case, an experienced police officer saw, among other things, an exchange of items between two individuals at a specific intersection known for complaints about drug activity, and one of the individuals was known by the officer to have been arrested previously for selling drugs. See Commonwealth v. Kennedy, supra at 704-705. See also Commonwealth v. Coronel, 70 Mass. App. Ct. 906, 906-907 (2007) (officer saw individual make brief call from public telephone, enter defendant’s vehicle for ten to fifteen seconds, and emerge stuffing something in his pocket; vehicle was in area known for drug activity; and officer had previously arrested defendant for trafficking in cocaine from same vehicle).
Here, the facts known to the officers at the time of the search of the defendant are not as compelling as those in the Kennedy, Santaliz, and Coronel cases. No officer saw an actual exchange of any kind. While we reject a per se rule that an officer must actually see an object exchanged to have probable cause to arrest, seeing such an exchange “is an important piece of evidence that supports probable cause, and its absence weakens the Commonwealth’s probable cause showing.” Commonwealth v. Kennedy, supra at 711. In addition, neither the defendant nor anyone else involved in the events was recognized *860 as having a history with illegal drugs. See id. at 709 (“We have often recognized that a police officer’s knowledge of the reputation for drug use or drug dealing of persons interacting with a defendant, even though not sufficient alone, is a factor to support probable cause to arrest the defendant”). As the Appeals Court properly noted, this case presents “a close question.” Commonwealth v. Levy, supra at 622. We said the same in the Santaliz case, which involved more suspicious facts than here. See Commonwealth v. Santaliz, supra at 241. On balance, the facts of this case fall short of those necessary to constitute probable cause.
Mark W. Shea for the defendant.
Jessica L. Healy, Assistant District Attorney, for the Commonwealth.
The series of events seen by the experienced surveilling officer, however, were more than sufficient for reasonable suspicion. We thus agree with the judge that the quantum of facts known to the police justified a stop of the defendant for questioning. But without more, those facts did not justify the search of the defendant’s boot, which required probable cause.[2]’[3]
Conclusion. For these reasons, the defendant’s motion to suppress the drugs seized from his boot was properly allowed.

So ordered.

Other drugs seized from a codefendant and from a police cruiser in which the defendant was transported, as well as money seized from the codefendant, were not suppressed.

The Commonwealth does not contend that the discovery of the “crack” cocaine in the defendant’s boot arose from a frisk of the defendant, so we do not consider the propriety or scope of a frisk.

The driver of the Pontiac automobile could be searched incident to his arrest for driving with a suspended license, but the defendant was the passenger and could not be arrested for this offense. The judge did not find whether the $350 in cash was taken from the driver’s pocket before the search of the defendant’s boot, but even if it was, the discovery of the driver’s cash was not enough to provide probable cause as to the defendant.