The defendant, Imran Laltaprasad, was convicted of possession of cocaine with intent to distribute and possession of heroin with intent to distribute.[2] On appeal, he contends that the motion judge erroneously denied his motion to suppress and that the trial judge erroneously admitted a comment made by the Commonwealth's expert on street-level drug transactions. We affirm.
1. Motion to suppress. The motion judge correctly determined that the defendant was stopped when Detective James Hyde ordered him to "stay" inside the parked vehicle that he had been driving, and that this order must be justified by a reasonable suspicion of criminal activity. The judge also correctly determined that the subsequent search of the defendant's person required probable cause. The defendant does not challenge these determinations, but rather argues that the Commonwealth did not establish reasonable suspicion, let alone probable cause.
We agree with the motion judge that the requisite justification was present for each action. The following facts provided reasonable suspicion warranting the "stay" order: the officers' observation of Maryanne Zaletsky, a known drug user and small-time dealer, pacing and making calls on her mobile telephone; her being picked up and taken on "the proverbial trip around the block," as Hyde described it, in the vehicle driven by the defendant; and the discovery of six packages of cocaine in her fist upon leaving the vehicle.[3] See Commonwealth v. Levy, 459 Mass. 1010, 1012 (2011) ; Commonwealth v. Mantinez, 44 Mass. App. Ct. 513, 517 & n.4 (1998) ; Commonwealth v. Coronel, 70 Mass. App. Ct. 906, 907 (2007).
The officers' reasonable suspicion ripened to probable cause, focused on the defendant, when Zaletsky told them that she had purchased the drugs from the driver of the vehicle. Because Zaletsky was one of the "participants in the crime," not an anonymous informant, "the strict requirements of reliability that govern the analysis of an anonymous informant's trustworthiness are relaxed." Commonwealth v. Love, 56 Mass. App. Ct. 229, 232 (2002), quoting from Commonwealth v. Riggieri, 53 Mass. App. Ct. 373, 375 n.3 (2001). While Zaletsky certainly had an incentive to minimize her responsibility, the information she gave the officers-that she had just purchased the drugs in her hand from the defendant-reasonably explained the events that the officers had just observed. An admission that she had just sold drugs to the occupants of the vehicle would not have explained the drugs in her hand and would have been far less plausible. "In dealing with probable cause ... we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Commonwealth v. Hason, 387 Mass. 169, 174 (1982), quoting from Brinegar v. United States, 338 U.S. 160, 175 (1949). The police were justified in acting on the information that Zaletsky provided, which, together with the activities they had just observed and the drugs in Zaletsky's fist, established probable cause to search the defendant.
2. Expert's comment. In the main, Detective Robert Hall's expert testimony-framed in hypothetical terms, employing the "consistent with" formulation, and not directly expressing a view of the defendant's guilt-was proper. See Commonwealth v. MacDonald, 459 Mass. 148, 162-163 (2011) ; Commonwealth v. Grissett, 66 Mass. App. Ct. 454, 457-458 (2006). However, responding to a preliminary question, Hall implicitly offered an opinion on the defendant's guilt.[4] See Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 417 (2013) (expert's explanation of how prosecutors seek his opinion, and that they typically do not proceed with distribution charges if his opinion is that personal use is more likely than distribution, "generally not an appropriate line of inquiry"). Because the defendant timely objected, we review for prejudicial error. See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005) ; Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 185 (2009).
We are confident that the error "did not influence the jury, or had but very slight effect." Cruz, supra, quoting from Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). The improper comment was isolated and fleeting, came in the very preliminary stages of Hall's testimony, and was not directed specifically at the defendant. See Commonwealth v. Tanner, 45 Mass. App. Ct. 576, 579 (1998). In the unlikely event that the jury construed it as a specific comment on the defendant's guilt, "the improper testimony went only slightly beyond the opinions offered which were admissible." Commonwealth v. Woods, 419 Mass. 366, 376 (1995). The error was not prejudicial.
Judgments affirmed.

The defendant thereafter pleaded guilty to the subsequent offense portion of each indictment.

The officers discovered the drugs in Zaletsky's hand after Hyde parked his vehicle in front of the defendant's vehicle, but before he ordered the occupants of that vehicle to stay put. The judge found that Hyde's vehicle did not block the defendant's vehicle, a finding that the evidence at the hearing supports.

"I'm contacted-the typical way is that I'm contacted by the District Attorney's Office and provided with a series of facts or the reports, sometimes some photographs, and I review them, and then I let the District Attorney's Office know that-if I'm willing, and when I say willing, if I believe that the facts are consistent with my belief that it's someone possessing and with the intent to distribute, and if I'm available."